[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14646
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00361-RWS-AJB-10


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO JAVIER BERNAL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 31, 2012)


Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Eduardo Javier Bernal appeals his 78-month total sentence imposed after he entered an open plea to one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and one count of money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A). Bernal contends there was no evidence he knew the money he was trafficking was from drugs, therefore making a sentencing enhancement associated with such knowledge inappropriate.

"We review the district court's application of the sentencing guidelines *de novo* and its findings of fact for clear error." *United States v. Demarest*, 570 F.3d 1232, 1239 (11th Cir. 2009) (quotation marks omitted). Section 2S1.1(b)(1) of the U.S.S.G. provides for a 6-level enhancement if "the defendant knew or believed that any of the laundered funds were the proceeds of, or were intended to promote . . . an offense involving the manufacture, importation, or distribution of a controlled substance . . . ." We have upheld the application of the § 2S1.1(b)(1) enhancement in a case where a yacht broker arranged for the sale of a yacht, in an all-cash transaction, to buyers who claimed to be associated with drugs and were likely to use the yacht to smuggle drugs. *Demarest*, 570 F.3d at 1243. In addition, we have held a reasonable jury can infer that a defendant would not be entrusted with a bag containing millions of dollars worth of drugs without knowing what the bag contained. *United States v. McDowell*, 250 F.3d 1354, 1366 (11th Cir. 2001);

*see also United States v. Quilca-Carpio*, 118 F.3d 719, 722 (11th Cir. 1997) (stating a "'prudent smuggler' is not likely to entrust such valuable cargo to an innocent person without that person's knowledge.").

The district court did not clearly err by finding there were sufficient facts to impose the enhancement under § 2S1.1(b)(1). Bernal received a large sum of money, over $1 million, unlikely to be entrusted to an unknowing courier, under secretive circumstances. He was instructed to deliver the money to Laredo, Texas, a town on the border of Mexico. He suggested he might be killed over the loss of the money after its seizure, and asked for a bundle of money "to run on." He also testified he knew the money was from some form of illegal activity, and the circumstances of this case favored narcotics over other possible explanations.

Accordingly, we affirm Bernal's sentence.

**AFFIRMED.**